IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER DIEGO URIBE,

    Plaintiff,                              No. CIV S-10-2615 DAD P

    vs.

S. TAYLOR, et al.,

    Defendant.                          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1). Plaintiff commenced this action by filing his civil rights complaint and a motion top proceed in forma pauperis on September 27, 2010. On April 12, 2011, plaintiff filed a documents styled as a "Motion For: Permission To Provide The Court With Updated Information In Support of Plaintiff's Cause of Action, and Motion Seeking Monitary (sic) Compensation for Deliberate Acts of Retaliation." (Doc. No. 5).

        Below, the court will address plaintiff's filings.

/////

/////

1

**I. In Forma Pauperis Application**

Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**II. Plaintiff's Motion For Permission to Provide the Court with Updated Information**

Through this motion it appears that plaintiff is seeking to supplement the allegations of his complaint. Therein, plaintiff advances new allegations which were not included in his complaint filed on September 27, 2010, and suggests that he seeks to add a retaliation claim to his complaint based on those allegations. Plaintiff is advised that the Local Rules of this court require that an action proceed on a pleading that is complete in itself without reference to prior pleadings. See Local Rule 220. While both the Federal Rules of Civil Procedure and the Local Rules of this court contemplate supplementation of an operative complaint under certain circumstances, as a general rule the court does not authorize supplemental complaints. In this court's experience the filing of supplemental complaint presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims. Therefore, the court will deny plaintiff's motion for permission to provide the court with updated information, dismiss plaintiff's complaint and grant plaintiff leave to file an amended complaint so that all of his allegations and claims can be presented in a single pleading.

**III. Requirements Applicable to the Amended Complaint**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**III. Legal Standards Governing a Retaliation Claim**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2005). Thus, to prevail on a retaliation claim, a prisoner must allege facts demonstrating that he was retaliated against for exercising a constitutional right and that retaliation was a substantial or motivating

1  factor for the defendant's alleged acts or conduct.  Mt. Healthy City Bd. of Educ. v. Doyle, 429

2  U.S. 274, 285-87 (1977); see also Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314-16 (9th

3  Cir. 1989).  The court must "'afford appropriate deference and flexibility' to prison officials in

4  the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."

5  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995)(quoting Sandin v. Conner, 515 U.S. 472, 482

6  (1995)). Therefore, the burden is on plaintiff to allege facts demonstrating "that there were no

7  legitimate correctional purposes motivating the actions he complains of." Id. at 808.

8  **IV.  Other Defects in Plaintiff's Complaint**

9          The court notes that in his complaint filed September 27, 2010, plaintiff claimed a

10 violation of his due process rights in connection with a prison rules violation report issued

11 against him for stalking floor staff and another prison rules violation report for refusing to accept

12 assigned housing.  Plaintiff is advised that "[p]rison disciplinary proceedings are not part of a

13 criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not

14 apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  The U.S. Supreme Court has held that

15 at a prison disciplinary hearing, the prisoner must receive:  "(1) advance written notice of the

16 disciplinary charges; (2) an opportunity, when consistent with institutional safety and

17 correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a

18 written statement by the factfinder of the evidence relied on and the reasons for the disciplinary

19 action ."  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  In addition, procedural due process

20 requires that the findings of the prison disciplinary board be supported by some evidence in the

21 record.  Id.  Therefore, in the amended complaint, for each rules violation, plaintiff must explain

22 whether or not he lost time credits as a result and explain what specific procedural due process

23 protection he did not receive.  As to plaintiff's contention that a Spanish-language interpreter

24 should have been assigned to him in connection with the prison disciplinary proceedings,

25 plaintiff must clarify whether he is alleging that he requested an interpreter and how he was

26 harmed by not having an interpreter made available.  In addition, plaintiff should attach to his

1  amended complaint copies of any rules violation reports showing the disciplinary charge and
2  final disposition of the disciplinary proceeding at issue.
3        Plaintiff is again cautioned that he must set forth sufficient factual allegations
4  showing the involvement of each of the named defendants in the alleged constitutional violation.
5  Any amended complaint plaintiff elects to file must allege in specific terms how each named
6  defendant was involved in the deprivation of his rights.  There can be no liability under 42 U.S.C.
7  § 1983 unless there is some affirmative link or connection between a defendant's actions and the
8  claimed deprivation.  Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
9  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In this regard, the mere allegation that a
10 named defendant signed a particular document or is named in a document will likely be deemed
11 insufficient to show that defendant's involvement in the alleged violation of plaintiff's
12 constitutional rights.

### CONCLUSION

14       In accordance with the above, IT IS HEREBY ORDERED that:
15       1. Plaintiff's September 27, 2010 application to proceed in forma pauperis (Doc.
16 No. 2) is granted.
17       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
18 The fee shall be collected and paid in accordance with this court's order to the Director of the
19 California Department of Corrections and Rehabilitation filed concurrently herewith.
20       3. Plaintiff's April 12, 2011 motion to provide the court with updated information
21 (Doc. No. 5) is denied.
22       4. Plaintiff's complaint (Doc. No. 1) is dismissed.
23       5. Plaintiff is granted thirty days from the date of service of this order to file an
24 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
25 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
26 docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must

use the form complaint provided by the court and answer each question in the form complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

      6. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: April 29, 2011.

                              /s/ Dale A. Drozd
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE

DAD:4
uribe2615.lta